**ROTATING PRODUCTIONS SYS-TEMS, INC., and John Larry Land, Plaintiffs–Appellees,**

v.

**BOCK SPECIALTIES, INC., Rodger Lacy, Gary McKelvy, Charles Brown, Tadd Nicholas, and Dennis Grimes, individually and doing business as G & K Machine Shop, Defendants,**

and

**Richard Bonander, Defendant–Appellant.**

No. 01–1581.

United States Court of Appeals, Federal Circuit.

July 16, 2002.

Before PAULINE NEWMAN and GAJARSA, Circuit Judges, and PLAGER, Senior Circuit Judge.

PAULINE NEWMAN, Circuit Judge.

Richard Bonander appeals the decision of the United States District Court for the District of Colorado[1] entering judgment upon a jury verdict in favor of Rotating Productions Systems, Inc. ("RPS") and John Larry Land. We *affirm* the decision of the District Court.

The events leading to this lawsuit began with establishment of RPS by John Larry Land and Rodger Lacy to commercialize the invention of United States Patent No. 5,139,090 (the '090 Patent), which relates to a device for rotating the tubing in an oil well to prolong its useful life. Defendants McKelvy, Brown, and Nicholas joined RPS in its early stages. Relationships eventually soured and Lacy, McKelvy, Brown, and Nicholas left to form Bock Specialties, Inc. (Bock) to compete with RPS. RPS alleged that they took with them the technology covered by the '090 Patent, RPS sales and technical literature, and many of its customers.

Richard Bonander was the president and majority owner of a company that made some of the parts for RPS, and later made the same parts for Bock. He helped to organize Bock as a corporation, obtain financing, co-signed for a line of credit, served as chairman of its board of directors, and became the owner of ten percent of Bock's stock.

RPS sued Bonander and the other defendants for, *inter alia,* willful infringement of the '090 Patent, unfair competition, deceptive trade practices, interference with contractual relations, interference with prospective business advantage, civil conspiracy, and copyright infringement. The various defenses included the charge of inequitable conduct with respect to inventorship. The jury found for the plaintiffs on most of the causes of action and awarded damages of $640,000, as to which the court determined the defendants were jointly and severally liable.[2] The court denied Bonander's post trial motions and RPS' motion to enhance damages.

On appeal Mr. Bonander challenges the district court's refusal to disturb the jury determinations (1) that Mr. Land had not lied to the Patent and Trademark Office when he asserted he was the sole inventor of the invention claimed in the '090 Patent and (2) that Mr. Bonander committed civil conspiracy. Mr. Bonander also challenges the district court's failure to instruct the jury to apportion the damages among the various causes of action, and the court's ruling that Bonander was jointly and severally liable for the damages.

A

With respect to the charge of inequitable conduct, Bonander claims that the inventor of the '090 Patent was not Land but Lacy, and that Land lied to the PTO in stating that he was the inventor. Bonander claims that Lacy permitted the designation of Land as the sole inventor because Lacy had been employed for another corporation when he made the invention of the '090 patent, and he wanted to avoid any claim of his previous employer as to ownership of the patent. Land responds that he had completed the invention of the '090 patent before Lacy became involved in the venture, and is properly designated as the sole inventor. Both Land

---

**1.** *Rotating Productions Systems, Inc. v. Bock Specialties, Inc.,* No. 95–WM–1707 (D.Colo. Mar. 20, 2001)

**2.** Verdicts and damage awards in favor of RPS on some claims, such as theft and breach of fiduciary duty, were entered against defendants other than Bonander, but are not appealed.

and Lacy testified; the jury decided in favor of Land. Although Bonander repeats his arguments here, this is a matter of credibility as between the two witnesses. Bonander has presented no reason to disturb the jury's determination. The judgment on this issue is affirmed.

B

■ Bonander challenges the jury's determination that he engaged in civil conspiracy with several of the other defendants to commit the torts found by the jury. Bonander states that there is no evidence that he entered an agreement to commit any of these acts or that he ever committed any. RPS counters that the entire purpose of the establishment of Bock was to steal RPS' intellectual and commercial property, and that Bonander was aware of this purpose and joined and assisted in doing so. These issues were presented to the jury. There was sufficient evidence whereby a reasonable jury could find an agreement and acts in furtherance of a conspiracy. Bonander, as a supplier of parts to RPS, knew about its products and was informed of the '090 Patent. As part of the group that formed Bock, the jury was entitled to draw conclusions about what Bonander knew of the plans to infringe the patent and engage in the various commercial torts presented to the jury. The evidence that Bonander arranged for the incorporation of Bock, secured financing, and served as chairman of its board of directors for the first board meeting, provided substantial evidence supporting the jury determination that Bonander committed civil conspiracy. That judgment must be affirmed.

C

Bonander argues that the district court erred in not requiring the jury to apportion damages among the various causes of action. The jury's damage award was based on the sales Bock was found to have improperly taken from RPS. The damages expert for RPS testified that it was impossible to determine how many sales were diverted by each of the tortious infractions, that is, how many sales were lost due to patent infringement, how many due to interference with contractual relations, etc. The total jury award is not contested. The district court permitted the jury to make an aggregated award. This comports with the testimony of the damages expert, and we have been shown no reason to disturb it. The district court's decision as to the aggregation of damages is affirmed.

D

■ Mr. Bonander challenges the imposition of joint and several liability for the damages awarded. He points out that the damages were not apportioned among the several causes of action, and he was not found to have committed all of them, such as breach of fiduciary duty. He states that it is illogical for him to be held jointly liable for damages some of which might have arisen from activities in which he did not participate.

The district court rejected this argument. The court found that all of the acts for which the various defendants had been found liable were part of a " 'common plan or design' to unlawfully infringe and take the plaintiffs' property and rights associated with the patent in suit." Applying the Colorado Supreme Court's decision in *Resolution Trust Corp. v. Heiserman*, 898 P.2d 1049 (Colo.1995), the court held that joint and several liability flowed from Colorado law of civil conspiracy. Bonander has not shown legal error in this determination, which is affirmed.

*Conclusion*

Bonander has not shown reversible error on the part of the district court. That decision is affirmed.